D. Maimon Kirschenbaum
Lucas Buzzard
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff and the proposed*
*FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

| | |
|---|---|
| **ALEJANDRO ORTEGA ROMANO, on** **behalf of himself and others similarly situated,** | **CASE NO.** |
| **Plaintiff,** | **COMPLAINT** |
| **v.** | **FLSA COLLECTIVE ACTION** |
| **CRISPY DELIGHT CORP. and JUDA** **NORMATOVA,** | |
| **Defendants.** | |

-----------------------------------------------------------x

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      Defendant Crispy Delight Corp. is a New York corporation that operates Crispy Delight bakery in Long Island City, New York.

4.      Upon information and belief, Crispy Delight Corp. has an annual gross volume of sales in excess of $500,000.

5.      Defendant Juda Normatova is an owner of Crispy Delight.

6.      Defendant Normatova exercises sufficient control over Crispy Delight's day to day operations to be considered Plaintiffs' employer under the FLSA and New York law.

7.      Defendant Normatova is regularly present at Crispy Delight to manage the bakery's financials and discipline employees.

8.      Defendant Normatova has the authority to hire and fire employees at Crispy Delight.

9.      Defendant Normatova has the authority to schedule employees at Crispy Delight.

10.     Defendant Normatova has the authority to set the rates of pay of employees at Crispy Delight.

11.     Plaintiff was employed as a baker at Crispy Delight for about 10 years, ending in October 2016.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiff brings this action as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including bakers, cooks, stocker/packers, and mixers, employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

13.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required overtime wages.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FACTS

15.     Plaintiff's consent to sue form is attached hereto as Exhibit A.

16.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

17.     As a baker, Plaintiff regularly worked six days per week.

18.     Plaintiff was typically scheduled to work each day from 2:00 a.m. to 12:00 p.m. or from 3:00 a.m. to 1 p.m..

19.     Plaintiff often had to remain later than his scheduled hours in order to complete his work.  Thus, Plaintiff typically worked 60 or more hours per week.

20.     Defendants paid Plaintiff $600 per week, irrespective of how many hours Plaintiff worked per week.

21.     Defendants unlawfully failed to pay the Plaintiff any extra compensation for hours worked in excess of 40 per workweek.

22.     Plaintiff's workdays often lasted longer than 10 hours.

23.     Defendants did not pay Plaintiff and other FLSA Collective Plaintiffs New York's "spread of hours" premium for every workday that lasted more than 10 hours.

24.     Defendants did not issue Plaintiff weekly wage statements containing the information required by NYLL § 195.  For example, Plaintiff's paychecks did not state his hours worked, his actual pay, or his hourly rate.

25.     Defendants did not issue an accurate Notice and Acknowledgement of Pay Rate form as required by NYLL § 195.

26.     Defendants committed the foregoing acts against Plaintiff and the FLSA Collective Plaintiffs.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*)
### (Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)

27.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

28.     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

29.     Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek and continue to do so.

30.     At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one-and-one-half times their regular rate, for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

31.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(New York Overtime Violations,
New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,)
(Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

32.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

33.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

34.     Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rate, one-and-one-half times their regular rate, for hours worked in excess of forty (40) hours per workweek.

35.     As a result of Defendants' willful and unlawful conduct, Plaintiff and the FLSA Collective Plaintiffs are entitled to an award of damages, including liquidated damages, in an

amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
**(New York Spread of Hours Provisions,**
**N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. &**
**Regs. tit. 12, §§ 142-2.18)**
**(Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

36.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

37.     Plaintiff and the FLSA Collective Plaintiffs regularly had workdays that lasted more than ten (10) hours.

38.     Defendants willfully and intentionally failed to compensate Plaintiff and the FLSA Collective Plaintiffs one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

39.     As a result of Defendants' willful and unlawful conduct, Plaintiff and the FLSA Collective Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

40.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41.     Defendants did not provide Plaintiff and the FLSA Collective Plaintiffs with the notices required by N.Y. Lab. Law § 195.

42.     As a result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective Plaintiffs are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in an amount to

be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;       ``

D.     Penalties available under applicable laws;

E.     Costs of action incurred herein, including expert fees;

F.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216,  N.Y. Lab. L. § 663 and other applicable statutes;

G.     Pre-judgment and post-judgment interest, as provided by law; and

H.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
        November 1, 2016

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
     D. Maimon Kirschenbaum
     Lucas Buzzard
     32 Broadway, Suite 601
     New York, NY 10004
     Tel: (212) 688-5640
     Fax: (212) 688-2548

*Attorneys for Named Plaintiff and the*
*proposed FLSA Collective Plaintiffs*

# EXHIBIT A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **Crispy Delight Corp.** and/or related entities and/or individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_Alejandro ortega_
Full Legal Name (Print)

_Alejandro ortega_
Signature

_10-26-16_
Date